UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ROBLES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-01406-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |

Plaintiff Devonte B. Harris is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on April 12, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff brings this action against Correctional Officers A. Robles, J. Garcia, and Velasquez; Matthew Cate, former Secretary of the CDCR; and Kathleen Allison, current Secretary of the CDCR. (First Am. Compl. at 2-3,[1] ECF No. 9.)

On November 12, 2015, Plaintiff was incarcerated at Corcoran State Prison ("CSP"). (Id.) Defendants Robles and Garcia came to his cell to transport him to court proceedings in Hanford Superior

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1 | Court and told him that Defendant Velasquez had directed that he wear an indecent exposure control
2 | jumpsuit to court. (Id. at 5.)

An indecent exposure control jumpsuit denies the inmate the ability to relieve himself to deprive him of the opportunity to indecently expose himself. (Id.) The jumpsuit is made of canvas material and has loops going up the back with a nylon strap inserted through the loops. (Id.) After the inmate steps into the jumpsuit it is secured with a padlock. (Id.) Defendant Cate maintains a policy that an inmate must wear an indecent exposure jumpsuit outside the cell when staff have accused the inmate of indecent exposure outside of his cell. (Id. at 5-6.) The policy does not address the inmate's basic human need to relieve himself. (Id. at 6.) Defendant Diaz continues to maintain the policy. (Id.)

Plaintiff informed Defendants Robles and Garcia that he took high blood pressure medication that caused him to urinate frequently. (Id.) He was required to wear the indecent exposure control jumpsuit because staff had accused him of indecent exposure. (Id.) He was also subjected to enhanced security measures due to being transported off institutional grounds. (Id.)

Plaintiff was placed in leg restraints and waist restraints with handcuffs and a lock box over the handcuff key area. (Id. at 7.) After the hour long drive, they arrived at Hanford Superior Court. The courtroom Plaintiff was taken to was empty and he asked to use the restroom in the holding tank. (Id.) Defendants Robles and Garcia refused to allow Plaintiff to use the restroom because they did not want to remove his restraints. (Id.) They were redirected to another department where he again asked to use the restroom in the holding tank and they again refused. (Id.) After about thirty minutes, Plaintiff urinated on himself. (Id.) Defendants Robles and Garcia took off the restraints and allowed Plaintiff to remove his soiled underclothing. (Id.) They provided him with a see-through paper jumpsuit to wear with no underclothing. (Id. at 14.) When it was his turn to appear, he had to enter the courtroom revealing his genitalia and anus. (Id.) When Plaintiff returned to CSP he demanded a shower and refused to relinquish his handcuffs until staff acquiesced. (Id.) Plaintiff alleges he was injured because he was forced to urinate on himself without the ability to clean himself for several hours and was forced to appear in open court in a transparent jumpsuit that exposed his anus and genitalia.

///
///

# III.

# DISCUSSION

**A.     Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

To the extent that Plaintiff seeks to allege a claim against Defendant Cate in his individual capacity, he has failed to do so. While a claim against an officer in his individual capacity seeks to impose liability because the officer acted under color of law causing a constitutional injury, an official capacity claim imposes liability due to a custom or policy of the entity. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, Plaintiff alleges no facts that Defendant Cate knew Plaintiff had been accused of indecent exposure, was involved in the decision to have Plaintiff wear the indecent exposure suit, or had any involvement in denying Plaintiff's request to relieve himself. The only allegations against Defendant Cate in the complaint are that he maintained a policy requiring inmates to wear an indecent exposure jumpsuit when they had been accused of indecent exposure. Thus, Plaintiff' fails to state a cognizable claim against Defendant Cate.

**B.     Deliberate Indifference**

Plaintiff alleges that Defendants Robles, Garcia, and Velasquez were deliberately indifferent in requiring him to wear the indecent exposure jumpsuit, denying his request to relieve himself, and having him appear in a paper jumpsuit in open court that exposed his anus and genitalia.

///

///

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

1.  Indecent Exposure Jumpsuit

The only allegation in the complaint against Defendant Velasquez is that he directed that Plaintiff wear the indecent exposure jumpsuit to court. (First Am. Compl. at 5.) However, Plaintiff has not alleged any facts to show that Defendant was aware that Plaintiff was at a substantial risk of serious harm by being required to wear an indecent exposure jumpsuit. Plaintiff has failed to state a claim against Defendant Velasquez.

Further, Plaintiff's allegations that Defendants Robles and Garcia refused to allow him to relieve himself and he ended up urinating on himself are insufficient to rise to the level of deliberate indifference. In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. See Johnson, 217 F.3d at 731. While it is unfortunate that Plaintiff did end up urinating on himself, he was allowed to remove his soiled clothing and provided with a paper jumpsuit. Toilets can be "unavailable for some period of time without violating the Eighth Amendment[.]" Id. at 733. However, prolonged deprivation of access to a toilet could rise to the level

5

of deliberate indifference. See Hearns v. Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005); Grant v. Los Angeles Cty. Sheriff's Dep't, No. 2:19-CV-07878-PA-JC, 2020 WL 4186388, at *4 (C.D. Cal. Mar. 11, 2020).

Here, Plaintiff alleges that he was denied the ability to relieve himself for a relatively short period of time. Plaintiff first told the officers that he needed to relieve himself when he got to the courthouse after the hour long drive. The courtroom was empty and he was transferred to another courtroom where he urinated on himself around thirty minutes after arriving. Although Plaintiff alleges that the officers did not allow him to use the restroom because they did not want to remove his shackles, Plaintiff had a court hearing and was in the wrong courtroom. The officers transferred Plaintiff to an occupied courtroom to appear for his hearing. The denial of free access to the toilet during a relatively short period of time does not violate the Eighth Amendment. Bartholomew v. Sisto, No. CIV S-09-0882-JAM, 2012 WL 691708, at *6 (E.D. Cal. Mar. 2, 2012), report and recommendation adopted, No. CIV S-09-0882-JAM, 2012 WL 1413959 (E.D. Cal. Apr. 20, 2012). Plaintiff's allegations are insufficient to rise to a prolonged deprivation that would violate the Eighth Amendment. See e.g., Grant, 2020 WL 4186388, at *4 (plaintiff's mere lack of immediate access to a toilet, for a period of time, insufficient to rise to deliberate indifference); Williams v. Trujillo, No. CV1803239PHXMTLCDB, 2019 WL 8266652, at *6 (D. Ariz. Oct. 9, 2019), report and recommendation adopted, No. CV1803239PHXMTLCDB, 2020 WL 1308055 (D. Ariz. Mar. 19, 2020) ("lack of a toilet or access to drinking water for approximately three hours is a temporary inconvenience, not a 'sufficiently serious' deprivation that violates the Eighth Amendment"; compare Johnson, 217 F.3d at 733 (9th Cir. 2000) (inmates denied access to toilet for five to nine hours while lying in the freezing cold which resulted in the inmates wetting each other with urine); Wallace v. Davis, No. 17-CV-05488-SI, 2019 WL 652889, at *3 (N.D. Cal. Feb. 15, 2019) (Correctional officers made inmate lie or sit on the cold concrete ground for four to five hours, did not allow him to use the bathroom, and denied him clean clothes after he defecated and urinated on himself.); Carroll v. Toele, No. 320CV00010BASBGS, 2020 WL 3469363, at *8 (S.D. Cal. June 25, 2020), reconsideration denied, No. 320CV00079BASRBM, 2020 WL 4260763 (S.D. Cal. July 24, 2020), objections overruled, No. 320CV00079BASRBM, 2020 WL 4697526 (S.D. Cal. Aug. 13, 2020) (inmate left to sit in own urine and feces for two days).

6

Although Plaintiff alleges that it was several hours before he was allowed to clean up, there are no allegations by which the Court could find that he was subjected to a substantial risk of serious harm by the allegations raised in the complaint. Here, Plaintiff was allowed to remove his wet clothing and provided with a dry jumpsuit after urinating on himself and was able to clean up once he returned to the prison. Compare Fowler v. Gomez, No. C 10-3696 CRB PR, 2011 WL 1936027, at *1 (N.D. Cal. May 20, 2011) (Correctional officers ignored plaintiff's pleas to use the bathroom until they finished searching his cell and he urinated on himself while still cuffed and was left in urinated clothes for an hour.) Plaintiff's allegations are insufficient to state a claim for deliberate indifference based on requiring him to wear an indecent exposure jumpsuit.

2. Paper Jumpsuit

Plaintiff contends that he was provided with a paper jumpsuit that was see through and exposed his anus and genitals when he appeared in the courtroom. However, Plaintiff has failed to allege any facts that requiring him to wear a paper jumpsuit subjected him to a substantial risk of harm. Rather, Plaintiff's claim would implicate his privacy rights under the First Amendment. See Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988) (Under the First Amendment "incarcerated prisoners retain a limited right to bodily privacy. Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex is impelled by elementary self-respect and personal dignity."). Plaintiff has failed to state a deliberate indifference claim based on being required to wear a see through jumpsuit to court.

**C.    Injunctive Relief**

Plaintiff seeks to have the Court issue an order enjoining the CDCR from subjecting inmates to indecent exposure control jumpsuits. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought]

is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, Plaintiff cannot state a claim based on a policy that requires an inmate to wear an indecent exposure control jumpsuit because he has been accused of exposing himself. Rather, Plaintiff's claims in this action relate to the actions of the individual officers in denying his request to be allowed to relieve himself. Plaintiff cannot get an injunction to enjoin the CDCR from using indecent exposure control jumpsuits in this action.

### D. Further Leave to Amend

Because Plaintiff has had two opportunities draft a viable complaint, and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. Zucco Partners v. LLC. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotations and citations omitted). Therefore, the Court recommends that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 13, 2021**

_____
UNITED STATES MAGISTRATE JUDGE