UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ROBLES, *et al.*,<br><br>　　　　　Defendants. | No.  1:20-cv-01406-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND IN PART<br><br>(Doc. No. 11) |

　　　　Plaintiff Devonte Harris is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint against defendants Robles, Garcia, Velasquez, Cate and Allison for violations of plaintiff's Eighth Amendment rights and First Amendment rights in connection with an alleged incident in which plaintiff was caused to urinate on himself and be exposed in public.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 13, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's first amended complaint be dismissed for failure to state a claim. (Doc. No. 11.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 8.)  Plaintiff filed objections on June 9, 2021.  (Doc. No. 12.)

1    Plaintiff brings a claim against defendants for denial of basic necessities in violation of the
2    Eighth Amendment in connection with plaintiff urinating on himself after being denied access to
3    a toilet.  The magistrate judge determined plaintiff failed to state a claim because he did not allege
4    a substantial risk of serious harm.  (Doc. No. 11 at 5–6.)  In his objections, plaintiff contends that
5    the cases the magistrate judge relied on in reaching that conclusion were distinguishable because
6    those cases (1) did not deal with a prisoner's medical need and/or (2) dealt with a more serious
7    security risk than plaintiff posed in this case.  (Doc. No. 12 at 3–4.)  Plaintiff alleges that he was
8    denied the use of a bathroom for at least 90 minutes, although the actual total time of the alleged
9    denial of bathroom access is not alleged by him.  Although plaintiff alleges he also has a medical
10   condition that requires him to urinate more frequently, the magistrate judge correctly noted that
11   plaintiff alleges he was permitted to change clothes after he urinated and that plaintiff does not
12   allege that he was denied the use of a toilet for an inordinate length of time.  Thus, the magistrate
13   judge properly found that plaintiff did not allege a sufficiently serious harm to support a claim of
14   the violation of his Eighth Amendment rights.

15   Plaintiff also brings a claim against defendants Robles and Garcia in connection with his
16   privacy rights.  Plaintiff alleges that those defendants transported him to a state court proceeding
17   in an indecent-exposure jumpsuit after staff had accused him of indecent exposure; that he
18   informed them of his medical condition, which requires him to use the toilet frequently; that the
19   defendants refused to let him use the toilet resulting in him soiling himself; and that thereafter the
20   defendants required him to wear a paper jumpsuit without underwear while in court that exposed
21   his anus and genitals to view.  (Doc. No. 9 at 14.)  The findings and recommendations found that
22   plaintiff failed to state a claim because he failed to allege that defendants' actions subjected him
23   to a substantial risk of harm.  (Doc. No. 11 at 7.)  In his objections, plaintiff contends that the
24   magistrate judge erred by employing the legal standard applicable to claims brought under the
25   Eighth Amendment and not the standard governing alleged  violations of the right to privacy.
26   (Doc. 12 at 2.)
27   The Ninth Circuit has found that "[p]risoners retain a limited right to bodily privacy."
28   *Byrd v. Marciopa County Board of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (quoting

*Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988)). In *Byrd* the plaintiff, a male pretrial detainee, alleged that female guards regularly observed him shower and use the bathroom from a close distance, and that it was the jail's policy to permit guards to do so. *Id.* at 921–22.[1] The Ninth Circuit held that in such a circumstance, the balancing test from *Turner v. Safely*, 482 U.S. 78 (1987), applied in making the determination of whether the prison regulation was constitutional and the court found that the allegations of the complaint warranted an answer from defendants in order to assess the *Turner* factors. *Id.* at 923–24. Because the *Turner* test deals with "a prison regulation [that] impinges on inmates' constitutional rights," the Ninth Circuit implicitly found that the alleged policy at issue in that case impinged the inmate's limited right to privacy. *Id.* at 923 (quoting *Turner*, 482 U.S. at 89).

On the other hand, "casual, restricted, and obscured viewing of a prison inmate's naked body is constitutionally permitted if it is justified by legitimate government interests such as prison security needs." *Ioane v. Hodges*, 939 F.3d 945, 956 (9th Cir. 2018). Additionally, Ninth Circuit "case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993).

Here, plaintiff alleges that due to defendants' failure to permit him access to a toilet to urinate, he was required to wear paper clothing in a courtroom appearance that exposed his anus and genitals to view. As in *Byrd*, these allegations are sufficient to warrant a response by defendants. Liberally construed, plaintiff's allegations indicate that he was subjected to something more serious and substantial than a casual, restricted, and obscured viewing of his naked body. Plaintiff alleges that he had been sent to the state courthouse in question over 20 times before the alleged event and provided a urinal during transport before (Doc. No. 9 ¶ 25), indicating that there was no legitimate penological interest in defendants preventing him from using a toilet. Thus, as in *Byrd*, plaintiff has sufficiently alleged that his limited right to privacy has been impinged, thus warranting a response by defendants. *See Byrd*, 845 F.3d at 923–24; *see*

---

[1] Although the plaintiff was a pretrial detainee, the Ninth Circuit appears to have employed the legal standards applicable to prisoners. *Id.*

*also Michenfelder*, 860 F.2d at 333 ("We recognize that incarcerated prisoners retain a limited right to bodily privacy. Shielding one's unclothed figure from the view of strangers, . . . is impelled by elementary self-respect and personal dignity.").

Accordingly,

1. The findings and recommendations issued on May 13, 2021, (Doc. No. 11), are adopted in part;
2. This action shall proceed on plaintiff's claims against defendants Garcia and Robles for violation of plaintiff's limited right to bodily privacy;
3. All other claims and defendants are dismissed for failure to state a claim; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **September 3, 2021**                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                                    UNITED STATES DISTRICT JUDGE