1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11  DEVONTE B. HARRIS,                    )   Case No.: 1:20-cv-01406-DAD-SAB (PC)
                                          )
12            Plaintiff,                  )
                                          )   FINDINGS AND RECOMMENDATION
13      v.                                )   REGARDING DEFENDANTS' EXHAUSTION
                                          )   MOTION FOR SUMMARY JUDGMENT
14  A. ROBLES, et al.,                    )
                                          )   (ECF No. 41)
15                                        )
                                          )
16            Defendants.                 )

17          Plaintiff Devonte B. Harris is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C.

18  § 1983.

19          Currently before the Court is Defendants' exhaustion motion for summary judgment, filed June

20  13, 2022.

21                                        **I.**

22                            **RELEVANT BACKGROUND**

23          This action is proceeding against Defendants Garcia and Robles for violation of Plaintiff's

24  right to bodily privacy.

25          Defendant Robles filed an answer to the complaint on December 16, 2021, and Defendant

26  Garcia filed an answer to the complaint on February 16, 2022.

27          On June 13, 2022, Defendants filed a motion for summary judgment for failure to exhaust the

28  administrative remedies.  (ECF No. 41.)

                                          1

Plaintiff filed an opposition on July 19, 2022, and Defendants filed a reply on July 25, 2022.[1] (ECF Nos. 43, 46.)

## II.

## LEGAL STANDARD

### A.   Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.").   Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca,  747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary

---

[1] Defendants argue that Plaintiff's opposition in untimely under Local Rule 230(c) and Federal Rule of Civil Procedure 6(d).  Contrary to Defendants' contention, based on the date of service of Defendants' motion on June 13, 2022, Plaintiff's opposition was due within twenty-one (21) thereafter, plus three days for mailing pursuant to Local Rule 230(l) and Rule 6(d), i.e., July 7, 2022.  Although Plaintiff's opposition was not served until July 14, 2022, Defendants have not alleged any prejudice as a result of this delay.  Indeed, the Supreme Court has recognized that prisoners face unique mail-related challenges when litigating while incarcerated.  See Houston v. Lack, 487 U.S. 266, 108 (1988).  Thus, in light of Plaintiff's prisoner and pro se status and the Court's duty to construe pro se filings liberally, the Court will consider Plaintiff's opposition in ruling on the instant motion.

judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

### B.        Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

In arriving at this Findings and Recommendation, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the

argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

**A.    Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances.  Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.  To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.  If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).[2]

---

[2] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486.  For purposes of these Findings and Recommendations, all citations refer to the 2015-2016 version of the regulations which were effective at the time relevant to Plaintiff's claims.

4

**B.     Summary of Plaintiff's Allegations**

Plaintiff alleges that Defendants transported him to a state court proceeding in an indecent-exposure jumpsuit after staff had accused him of indecent exposure; that he informed them of his medical condition, which requires him to use the toilet frequently; that Defendants refused to let him use the toilet resulting in him soiling himself; and that thereafter Defendants required him to wear a paper jumpsuit without underwear while in court that exposed his anus and genitals to view. (ECF No. 9 at 14.)

**C.     Statement of Undisputed Facts[3]**

1.     Plaintiff is a state prisoner incarcerated at California State Prison, Corcoran (Corcoran). (First Am. Compl. (FAC) at 1, ECF No. 9.)

2.     Defendants are correctional officers employed at Corcoran.  (FAC at 2.)

3.     Plaintiff filed the operative complaint on April 12, 2021.  (FAC at 1.)

4.     During the relevant time period for Plaintiff's allegations in the first amended complaint, the California Department of Corrections and Rehabilitation (CDCR) maintained a comprehensive administrative remedy exhaustion scheme for inmates under its custody to use, codified at California Code of Regulations Title 15 (Title 15).  Cal. Code Regs. tit. 15, §§ 3084.1-3085 (2015-16); Declaration of Howard E. Moseley (Moseley Decl.) ¶¶ 2-6, Exs. 1 & 2; Pl's Dep. at 15-16.)

5.     Plaintiff was housed at Corcoran on November 12, 2015.  (FAC at 5.)

6.     Defendants escorted Plaintiff to his scheduled court appearance on the morning of November 12, 2015.  (Id.

7.     After arriving at the courthouse but before his court appearance, Plaintiff urinated on himself and Defendants provided him a jumpsuit to wear.  (Id. at 7.)

8.      On December 2, 2015, Plaintiff filed appeal Log No. CSPC-6-15-07451, in which he alleged facts regarding Defendants' conduct during the November 12, 2015 courthouse transport to issue in this case, as well as allegations concerning excessive use of force by other correctional officers during Plaintiff's shower.  (Moseley Decl. Ex. 2 at 8-12; Pl.'s Dep. at 15, 49-50.)

---

[3] Hereinafter referred to as "UF."

5

9.    Sergeant R. Lantrip, then a correctional sergeant and immediate supervisor over the Facility 4D, Building 2 floor staff, attempted to interview Plaintiff regarding the excessive force allegations on January 31, 2016.  (Moseley Decl. Ex. 2 at 1, 6, 12; Pl's Dep. at 47.)

10.    CDCR officials informed Plaintiff that the courthouse transport allegations were a separate issue from the excessive force allegations.  (Moseley Decl. Ex. 2 at 4, 6; Pl's Dep. at 48, 52-53.)

11.    Inmate had to include only one issue or related set of issues per inmate appeal filed. Cal. Code Regs. tit. 15, §§ 3084.4-3084.6 (2015).

12.    In 2015, only CDCR officials had the authority to determine what consisted of a proper appeal.   Cal. Code Regs. tit. 15, §§ 3084.4-3084.6 (2015).

13.    Lantrip and other CDCR officials interpreted Title 15, § 3084.2(a)(1) to determine that the courthouse transport issue was separate and distinct from the excessive force issue.  Cal. Code Regs. tit. 15, §§ 3084.4-3084.7 (2015); Moseley Decl. Ex. 2 at 4, 6; Pl's Dep. at 48, 52-53.)

14.    Plaintiff refused to cooperate with Lantrip during the interview, resulting in terminating the interview and the cancellation of appeal Log No. CSPC-6-15-07451 on February 16, 2016. (Moseley Decl. Ex. 2 at 1, 6, 12; Pl's Dep. at 47-48, 52.)

15.    No CDCR official ever told Plaintiff that he could not file a separate appeal concerning the November 12, 2015 courthouse transport incident.  (Pl.'s Dep. at 53-55, 57-58.)

16.    Plaintiff challenged the decision to cancel CSPC-6-15-07451 in appeal Log No. CSPC-6-01560, filed on March 17, 2016.  (Moseley Decl. Ex. 2 at 2-5.)

17.    CSPC-6-16-01560's allegations concerned Lantrip's conduct during and after the January 31, 2016 interview.  (Moseley Decl. ¶ 9, Ex. 2 at 1-2, 4, 6.)

18.    Both the second level and third level responses denied CSPC-6-16-01560, based on Plaintiff's refusal to cooperate with Lantrip.  (Moseley Decl. ¶ 9; Moseley Decl. Ex. 2 at 1, 6-7; Pl's Dep. at 58-60.)

19.    Cancelled appeals do not exhaust administrative remedies.  (Cal. Code Regs. tit. 15, § 3084.1(b) (2015); Moseley Decl. Ex. 2 at 13.)

20.     Denial of CSPC-6-16-01560 meant CSPC-6-15-07451 remained cancelled.  (Cal Code Regs. tit. 15, § 3084.1(b) (2016); Moseley Decl. Ex. 2 at 1, 6-7.)

21.     Plaintiff still had means to exhaust his claim against Defendants even after CSPC-6-16-01560's denial at the third level.  (Cal. Code Regs. tit. 15, §§ 3084.4(a)(2), (b)(1) (2016), 3084.8(b)(3) (2016).)

22.     Plaintiff never filed another appeal concerning the November 12, 2015 courthouse transport incident.  (Moseley Decl. ¶¶ 8, 10, Ex. 1; Pl's Dep. at 57.)

**D.      Analysis of Defendants' Motion**

Defendants argue that because CDCR officials cancelled the only relevant appeal and never set aside the cancellation, Plaintiff failed to exhaust the available administrative remedies.

It is undisputed that appeal Log No. CSPC-6-15-07451 concerned Plaintiff's allegations against Defendants' conduct during the November 12, 2015 courthouse transport to issue in this case, as well as allegations concerning excessive use of force by other correctional officers during Plaintiff's shower.  (UF 8.)  The determination at issue is whether prison officials properly determined that Plaintiff raised two unrelated issues in the same appeal and whether Plaintiff had *available* administrative remedies to pursue both unrelated claims.

It is undisputed that appeal Log No. CSPC-6-15-07451 was classified as a staff complaint involving the alleged use of excessive force.  (Moseley Decl. Ex. 2.)  Pursuant to the applicable regulations, when an appeal that is classified and accepted as a staff complaint includes other non-related issues, "the appeals coordinator shall notify the inmate that any other appeal issue(s) may only be appealed separately and therefore resubmission of those issues is required if the intention is to seek resolution of such matters." Cal. Code Regs. tit. 15, §§ 3084.9(i)(2), 3084.5(b)(5).  Plaintiff was notified in the February 16, 2016, response that the appellate issue in CSPC-6-15-07451 was classified as a staff complaint alleging that court officers Vela and DoCanto used excessive force on Plaintiff during his shower.  (Moseley Decl. Ex. 2.)  Plaintiff was further advised that "[a]ll issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint."  (Id.)  Thus, it is

7

clear that prison officials specifically identified the staff issue that would be addressed by way of this appeal, and Plaintiff was specifically advised that the unrelated issues against Defendants Garcia and Robles involving his privacy rights had to be raised by way of separate inmate appeal.

Furthermore, CSPC-6-15-07451 was cancelled because Plaintiff failed to participate in the interview process by continuing to argue that the incident at the court room was related to the incident in the housing unit, and Plaintiff does not dispute this fact.  Plaintiff knew that Lantrip did not supervise Defendants, and neither Defendant had any role in the alleged staff misconduct during Plaintiff's shower.  (Pl.'s Dep. at 49, 50, 51, 55.)  An appeal was subject to cancellation if the appealing inmate refused to be interviewed or to cooperate with the interviewer. Cal. Code Regs., tit. 15, § 3084.6(c)(8).  Plaintiff was advised that he could not address his allegations regarding Defendants' conduct at issue in this action because the allegations did not relate to the other staff misconduct alleged in CSPC-6-15-07451.  This determination was affirmed at the subsequent levels of review.

However, Plaintiff continues to argue the allegations raised in CSPC-6-15-07451 constituted a single, related event.  (Opp'n at 3, ECF No. 43.)  Pursuant to prison regulations, the authority to determine what constituted an improper appeal rests solely with CDCR officials.  Cal. Code Regs. tit. 15, § 3084.6(b)-(c).  While Plaintiff may disagree with the inmate appeals procedure and regulations, he simply cannot argue that the administrative appeal process was rendered effectively unavailable when he failed to head the advisement and correct the deficiency.

Moreover, Plaintiff immediately challenged the cancellation decision at the second and third levels of review, which included an interview by lieutenant Munoz on May 23, 2016.[4]  (Moseley Decl. Ex. 2 at 1-7.)  Such action belies Plaintiff's claim that the appeal process was not available.  Neither the appeals coordinator nor the third level appeals chief determined that appeal CSPC-6-15-07451 was

---

[4] An inmate separately could appeal the cancellation of an appeal. Cal. Code of Regs. tit. 15, § 3084.6(e). At the discretion of the appeals coordinator or the third level appeals chief, a cancelled appeal later could be accepted if it were determined that the cancellation had been erroneous or if new information was received making the appeal eligible for further review. Cal. Code of Regs. tit. 15, §§ 3084.6(a)(3), 3084.6(e) (once cancelled, an appeal shall not be accepted except pursuant to subsection 3084.6(a)(3)).

erroneously cancelled or that Plaintiff presented new evidence to make it eligible for further review. In addition, no CDCR officials found that an exception circumstance existed to review CSPC-6-15-07451, notwithstanding its cancellation.  Plaintiff simply failed to follow the advisement and prison regulations by filing a separate and distinct inmate appeal involving his allegations that Defendants Garcia and Robles violated his right to privacy.  Indeed, if an inmate files a previously cancelled appeal for the first time again, the appeals coordinator was required to screen it for routine processing. Cal. Code Regs. tit. 15, § 3084.4(a)(2) (2016).  Such appeal had to be filed within thirty calendar days "[u]pon receiving an unsatisfactory departmental response to an appeal filed."  Cal. Code Regs. tit. 15, § 3084.8(b)(3).

In addition, nothing alleged in CSPC-6-16-01560 adequately noticed CDCR officials of Plaintiff's claim against Defendants, as it primarily focused on the actions of Lantrip and others involved with CSPC-6-015-07451's cancellation.  (Moseley Decl. Ex. 2 at 2-5.)  Merely stating that Defendants "made me piss on myself at court" could not have reasonably noticed CDCR officials that Defendants, by allegedly making Plaintiff urinate on himself, thereby violated Plaintiff's limited bodily privacy rights.  (Id. at 4.)  Furthermore, the pertinent regulation does not allow incorporation of facts or issues by reference, as inmates must affirmatively state "all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate/Parolee Appeal Form Attachment."  Cal. Code Regs. tit. 15, § 3084.2(a)(4). Accordingly, Plaintiff failed to exhaust the administrative remedies.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' exhaustion motion for summary judgment be granted; and

2.    The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2022**

UNITED STATES MAGISTRATE JUDGE